IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMERICAN FOOD & VENDING CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> THE GOODYEAR TIRE & RUBBER COMPANY, <br><br> Defendant. | Case No. 24-2108-TC-ADM |

# ORDER

This matter comes before the court on defendant The Goodyear Tire & Rubber Company's ("Goodyear") motion for reconsideration of the court's January 21, 2025 order (ECF 93) denying the parties' joint motion to amend the scheduling order. (ECF 98.) For the reasons discussed below, the motion for reconsideration is denied.

A motion for reconsideration must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3(b). The decision whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1235-36 (10th Cir. 2001); *see also In re Motor Temperature Sales Practices Litig.*, 707 F. Supp.2d 1145, 1166 (D. Kan. 2010) ("A court has discretion whether to grant a motion to reconsider."). A motion for reconsideration is appropriate if the court "has misapprehended the facts, a party's position, or the controlling law." *Coffeyville Res. Refining & Mktg, LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010); *see also Hammond v. City of Junction City, Kan.*, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001)

("Reconsideration is appropriate where a court 'has obviously misapprehended a party's position on the facts or the law.'") (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).  However, "it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing."  *Coffeyville Res.,* 748 F. Supp. 2d at 1264; *see also Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F. Supp. 2d 952, 976 (D. Kan. 2005) (stating a motion to reconsider should not be used to "rehash previously rejected arguments or to offer new legal theories or facts").  Such a motion is not a second chance for the losing party to "make its strongest case . . . or to dress up arguments that previously failed."  *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059, 2013 WL 139750, at *2 (D. Kan. Jan. 10, 2013) (citing *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994)).

Goodyear first asserts that the court appears to have misapprehended the facts and the parties' positions in finding that the parties had not shown good cause for their requested extensions of scheduling order deadlines.  Goodyear reiterates what the parties "noted" and "detailed" in their original motion.  The court assures Goodyear that it did not misapprehend the facts or the parties' positions.  The court declines to revisit issues already addressed, simply because Goodyear is disappointed by the court's ruling.

Goodyear next asserts that "requiring the Parties to complete discovery and participate in the Pretrial Conference before the Court rules on Goodyear's pending Motion to Dismiss and before Goodyear files an Answer in this matter will result in manifest injustice to the Parties." (ECF 98, at 7.)  Goodyear expresses concern that it may obtain additional evidence in upcoming depositions that would be precluded from the pretrial order, which becomes the dispositive pleading in the case.  At this point, however, Goodyear's concern is purely hypothetical.

Goodyear remains free to seek an amendment to the pretrial order (once entered) should Goodyear deem it necessary following upcoming depositions.

**IT IS THEREFORE ORDERED** that Goodyear's motion for reconsideration (ECF 98) is denied.

Dated February 27, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge